# IN THE COURT OF APPEALS 12/03/96

# OF THE

# STATE OF MISSISSIPPI

## NO. 93-KA-01430 COA

**ANTHONY WENDELL PRESTON**

**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B


TRIAL JUDGE: HON. RICHARD WAYNE MCKENZIE

COURT FROM WHICH APPEALED: FORREST COUNTY CIRCUIT COURT

ATTORNEYS FOR APPELLANT:

SALLY J. O'FLYNN

CHARLES E. LAWRENCE, JR.

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: PAT FLYNN

DISTRICT ATTORNEY: GLENN WHITE

NATURE OF THE CASE: CRIMINAL: MURDER

TRIAL COURT DISPOSITION: GUILTY: SENTENCED TO SERVE A TERM OF LIFE
IMPRISONMENT IN THE MDOC

BEFORE BRIDGES, P.J., COLEMAN, DIAZ, PAYNE, JJ.

DIAZ, J., FOR THE COURT:

Anthony Preston (Preston), was tried and convicted in the Forrest County Circuit Court of murder. Preston was sentenced to life imprisonment in the Mississippi Department of Corrections. Aggrieved from the judgment, he appeals to this Court asserting the following issues: (1) that the evidence was not sufficient to support the evidence, and that the verdict was against the overwhelming weight of the evidence; (2) that the trial court erred in overruling Preston's motion to suppress his statement; and (3) that the trial court erred in admitting the weapon into evidence. Finding no reversible error, we affirm.

## FACTS

On March 30, 1993, Preston went to Hattiesburg, Mississippi along with four of his friends. Apparently, the men were going to the unemployment office. Upon finding the office closed, they went to a friend's house where they started drinking beer and vodka. The group then decided to go to an apartment complex. As they were walking over to the complex, the group walked past two elderly men. According to a co-indictee, Frederick Brown (Brown), one of the elderly men, Isom Bridges (Bridges), walked by the group saying, "I ain't studying you," when two of the young men in the group "just started swinging." The man who was with Bridges ran away while three of the assailants held Bridges down while kicking and hitting him. Brown testified that Bridges looked like he was trying to get up and run, when the first shot was fired. Bridges was shot five times in the back by Preston. Brown testified that the group got in their car and drove away. Meanwhile, Preston gave Brown the gun and told him to hide it. Brown hid it across the street from his mother's house. He later told officials where it was hidden.

Preston testified that he shot Bridges in self-defense. He claims that he thought Bridges was coming at him with a gun, and that he was facing him; however, on cross-examination, he could not explain how Bridges got shot five times in the back if Bridges was, as Preston claims, facing him.

## DISCUSSION

### SUFFICIENCY AND WEIGHT OF THE EVIDENCE

Preston's first contention of error is that the State failed to meet its burden in proving the element of malice aforethought, and that the lower court erred in failing to grant his motion for a directed verdict. In support of his argument, Preston contends that he had no ill will toward Bridges, and also that he thought Bridges was carrying a gun. He also argues that his version of the events conflict with the State's witness, Brown.

The standard of review for the legal sufficiency of evidence is well-settled. We must with respect to each element of the offense, consider all the evidence which supports the case for the prosecution--in the light most favorable to the verdict. *Franklin v. State*, 676 So. 2d 287, 288 (Miss. 1996) (citations

omitted). The credible evidence which is consistent with the verdict must be accepted as true. *Franklin*, 676 So. 2d at 288. The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. *Id.* We can only reverse where, under the evidence, a reasonable juror could only find the defendant not guilty. *Id.*

Malice aforethought has been defined as the equivalent of deliberate design. *Gossett v. State*, 660 So. 2d 1285, 1293 (Miss. 1995). Deliberate design always indicates full awareness of what one is doing, and generally implies careful and unhurried consideration of the consequences. Design means to calculate, plan and contemplate , and deliberate design to kill a person may be formed very quickly, and perhaps only moments before the act of consummating the intent. *Gossett*, 660 So. 2d at 1293 (citations omitted). The supreme court has also approved the following definition of malice aforethought:

> The [c]ourt instructs the [j]ury that while malice aforethought is a necessary ingredient to the crime of murder, that malice aforethought does not necessarily mean hatred or ill will and need not exist in the mind of the defendant for any definite time, not for hours, days or even minutes, but if there is malice aforethought and a premeditated design to kill and it exists in the mind of the defendant but for an instant before the fatal act, this is sufficient premeditation and malice aforethought to constitute the offense of murder, unless the killing is justifiable.

*Thornhill v. State*, 561 So. 2d 1025, 1028 (Miss. 1989). Applying this to the case *sub judice*, the evidence shows that Preston had formed the necessary premeditation and malice aforethought to support the murder conviction.

As far as the conflicting testimony, jurors have the duty to resolve the conflicts in testimony. *Gossett*, 660 So. 2d at 1294. They may accept, reject, believe, or disbelieve any or all the testimony of the witnesses. *Id.* "No formula dictates the manner in which jurors resolve conflicting testimony into findings of fact sufficient to support their verdict." *Id.* (citations omitted) "A reviewing court cannot and need not determine with exactitude which witness or what testimony the jury believed or disbelieved in arriving at its verdict." *Id.* (citations omitted). "It is not for this Court to pass upon the credibility of witnesses and where the evidence justifies the verdict it must be accepted as having been found worthy of belief." *Williams v. State*, 427 So. 2d 100, 103 (Miss. 1983). Here, the jury weighed the evidence, believed the State's witnesses, and convicted Preston. Applying our standard of review, we cannot say that the trial court was in error by refusing to grant Preston a directed verdict or JNOV.

When we consider whether the jury's verdict is against the overwhelming weight of the evidence, we accept as true all evidence supporting the verdict. *Ellis v. State*, 667 So. 2d 599, 611 (Miss. 1995). Reversal is warranted only if there was an abuse of discretion in the circuit court's denial of a new trial. *Ellis*, 667 So. 2d at 611. Considering the above, we find no abuse of discretion. There is no merit to this issue.

## MOTION TO SUPPRESS

Preston's second assignment of error is that the trial court erred in failing to suppress his statement made to the police. He claims that his statement was not made voluntarily, and therefore, should not

have been admitted. The general rule for a confession to be admissible is that it must have been given voluntarily and not as a result of any promises, threats or other inducements. *Chase v. State*, 645 So. 2d 829, 837 (Miss. 1994). The burden is on the State to prove beyond a reasonable doubt that the confession was voluntary. *Chase*, 645 So. 2d at 838 (citations omitted). This burden is met and a prima facie case is made by testimony of an officer or other persons having knowledge of the facts that the confession was voluntarily made without any threats, coercion, or offer of reward. *Id.* Preston contends that he was questioned and intimidated by officers before they read him his *Miranda* rights. Six officers testified that Preston was read his rights before he gave the statement, that Preston was not intimidated or coerced, nor did he ask for an attorney. Resolving conflicting testimony regarding voluntariness is a question of fact to be resolved by the trial judge at the suppression hearing. *Id.* In determining this, the court must look to the "totality of the circumstances" surrounding the statement. *Id.* at 841.

Preston was arrested in Gulfport, Mississippi, and transported to the Hattiesburg Police Department. Officer McCormick of the Hattiesburg Police Department testified at the suppression hearing that he transported Preston from Gulfport to Hattiesburg. McCormick testified that the officers in Gulfport advised him that they had already given Preston his *Miranda* warnings. McCormick subsequently read Preston his rights again before they left the Gulfport station. When they arrived in Hattiesburg, Preston was again read his rights before they video taped his statement and reduced it into writing. We hold that from the totality of the circumstances, the trial court was well within the realm of substantial evidence in finding that Preston's statement was admissible.

## ADMITTING WEAPON INTO EVIDENCE

Citing no authority, Preston argues that the trial court erred in admitting the weapon into evidence because the State did not lay the proper foundation. Preston argues that there was no evidence linking him to the weapon.

In reviewing the record, it appears that Preston's original objection at trial was not to the chain of custody, but to the criteria questions. In fact, when the trial judge asked the defense if it was concerned about the chain of custody or about the criteria questions. The defense replied that it was concerned about the criteria questions surrounding the contents in the evidence bag. This was remedied when the officer identified the gun in the bag as the weapon he had retrieved. An assertion on appeal of grounds for an objection which was not asserted at trial is not an issue properly preserved on appeal. *Ballenger v. State*, 667 So. 2d 1242, 1266 (Miss. 1995).

Despite the procedural bar, we will address the issue on its merits. This Court has held that the test with respect to whether there has been a break in the chain of custody of evidence is whether there is an indication of probable tampering. *Nalls v. State*, 651 So. 2d 1074, 1077 (Miss. 1995) (citations omitted). Matters regarding the chain of custody of evidence are largely left to the discretion of the trial judge and will not be disturbed unless there appears to be an abuse of discretion. *Nalls*, 651 So. 2d at 1077.

In the present case, the record reflects that the gun was recovered from the spot pursuant to the information supplied by Frederick Brown, a co-indictee. Brown testified that Preston gave Brown the gun after the shooting in order for Brown to hide it for him. Brown further testified that he hid the gun across the street from his mother's house, which was where the weapon was recovered. Based

upon these facts, this Court finds that the gun has an unbroken chain of custody, and was sufficiently connected with the Appellant. There is no merit to this issue. Finding no reversible error in the issues presented in this appeal, we affirm the judgment of the lower court.

**THE JUDGMENT OF CONVICTION IN THE FORREST COUNTY CIRCUIT COURT OF MURDER AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO FORREST COUNTY.**

**FRAISER, C.J., BRIDGES AND THOMAS, P.JJ., BARBER, COLEMAN, KING, McMILLIN, PAYNE, AND SOUTHWICK, JJ., CONCUR.**